UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVALK, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY, et al.,<br><br>                              Defendants. | Case No.: 22cv1789-JO(LR)<br><br>**ORDER:**<br><br>**(1) SETTING FOLLOW-UP SETTLEMENT CONFERENCE**<br><br>**AND**<br><br>**(2) RESETTING CASE MANAGEMENT CONFERENCE** |

On January 11, 2023, the Court conducted a video Early Neutral Evaluation Conference via Zoom. Pursuant to the discussions with the parties, the Court **SETS** a follow-up Settlement Conference ("SC") via **video conference** for **February 21, 2023**, at **9:30 a.m.** Additionally, the Court **RESETS** the Zoom Case Management Conference, previously scheduled for January 11, 2023, for **February 21, 2023**, at **9:30 a.m.**

The following rules and deadlines apply with respect to the SC:

**1. Appearance via Videoconference Required**: All named parties (including those who are indemnified by others), party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation,

must participate in the video conference, and be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

**2. Full Settlement Authority Required**: A party or party representative with full settlement authority[1] must be present at the conference. A person who needs to call another person who is not present on the videoconference before agreeing to any settlement does not have full settlement authority. Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement. Counsel for government entity is excused from this requirement if the government counsel who participates in the SC (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

**3.** Prior to the start of the SC, the Court will e-mail each SC participant an invitation to join a Zoom video conference. If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the SC begins.

---

[1] "Full settlement authority" means that a person is authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or a sum certain authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).

**4.** Each participant should plan to join the Zoom video conference **at least ten minutes before** the start of the SC to ensure that the SC begins promptly at **9:30 a.m. The Zoom e-mail invitation may indicate an earlier start time, but the SC will begin at the Court-scheduled time.**

**5.** No later than **February 14, 2023**, counsel for each party shall send an e-mail to the Court at efile_rodriguez@casd.uscourts.gov containing the following:

    a. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    b. An **e-mail address for each participant** to receive the Zoom video conference invitation; and

    c. A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be able to proceed telephonically instead of by video conference. (If counsel prefers all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

**IT IS SO ORDERED**.

Dated: January 11, 2023

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge