UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVALK, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY, et al.,<br><br>                    Defendants. | Case No.: 22cv1789-JO(LR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S EX PARTE MOTION**<br><br>**[ECF NO. 13]** |

On February 16, 2023, Defendant Evanston Insurance Company filed an "*Ex Parte* Application to Continue Follow Up Early Neutral Evaluation Conference." (ECF No. 13.) Defendant moves the Court to continue the follow-up Settlement Conference ("SC") currently scheduled for February 21, 2023, until a date after March 11, 2023 due to defense counsel's scheduling conflict. (Id. at 1.) Defendant states that the parties have not requested any continuances in this case, and Plaintiff does not oppose Defendant's request to continue the SC. (Id. at 2 (stating that "counsel for both Novalk and Evanston have agreed and are available on the afternoon of March 15, 2023, and all day on March 17, 2023."); see also ECF No. 13-1, Decl. Kenneth D. Watnick ("Watnick Decl.") at 2 (declaring that "Mr. Tatone, counsel for Novak, agreed to continuing the conference and provided March 15 or 17, 2023 as alternative dates.").) Defendant also asks "for the

1

Court's guidance as to the informal exchange of documents discussed at the January 11, 2023, Early Neutral Evaluation Conference ('ENE')." (Id.)

**Defendant's Request to Continue Follow-Up Settlement Conference**

The Court initially addresses Defendant's motion to continue the follow-up SC. In his supporting declaration, defense counsel states the following:

> Since February 6, 2023, I have been engaged in a jury trial in the matter titled, Yoav Botach et al. vs. Newmark of Southern California, Inc., et al., Los Angeles County Superior Court Case No. BC717200, before the Honorable Theresa M. Traber. It is anticipated we will not conclude this trial until Judge Traber's ordered end date of March 11, 2023.

(Watnick Decl. at 2.)

Having reviewed Defendant's *ex parte* motion, as well as defense counsel's declaration, the Court finds good cause to continue the SC to accommodate defense counsel's scheduling conflict. Accordingly, the Court continues the video follow-up SC and Case Management Conference currently scheduled for February 21, 2023, at 9:30 a.m. until **March 15, 2023**, at **2:30 p.m.**

The following rules and deadlines apply with respect to the SC:

**1. Appearance via Videoconference Required**: All named parties (including those who are indemnified by others), party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must participate in the video conference, and be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

**2. Full Settlement Authority Required**: A party or party representative with full settlement authority[1] must be present at the conference. A person who needs to call

---

[1] "Full settlement authority" means that a person is authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph

another person who is not present on the videoconference before agreeing to any settlement does not have full settlement authority.  Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement.  Counsel for government entity is excused from this requirement if the government counsel who participates in the SC (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

**3.**  Prior to the start of the SC, the Court will e-mail each SC participant an invitation to join a Zoom video conference.  If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.  Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation.  **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**.  Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the SC begins.

**4.**  Each participant should plan to join the Zoom video conference **at least ten minutes before** the start of the SC to ensure that the SC begins promptly at **2:30 p.m. The Zoom e-mail invitation may indicate an earlier start time, but the SC will begin at the Court-scheduled time.**

/ / /

/ / /

/ / /

---

Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  Limited or a sum certain authority is not adequate.  See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).

3

**5.** No later than **March 8, 2023**, counsel for each party shall send an e-mail to the Court at efile_rodriguez@casd.uscourts.gov containing the following:

    a. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    b. An **e-mail address for each participant** to receive the Zoom video conference invitation; and

    c. A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be able to proceed telephonically instead of by video conference. (If counsel prefers all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

**Defendant's Request for "Guidance"**

In its *ex parte* motion, Defendant also asks "for the Court's guidance as to the informal exchange of documents discussed at the January 11, 2023, Early Neutral Evaluation Conference ('ENE')." (Id.) Defendant states the following:

> At the prior ENE, Evanston understood that the parties would send narrowly tailored requests for specific documents necessary to evaluate settlement. Evanston prepared a letter in accordance with this understanding and counsel for plaintiff. In contrast, Novalk, LLC ("Novalk") prepared a letter essentially containing broad discovery requests for "any and all documents" relating to particular subjects. Evanston requests the Court's guidance as to the proper nature of the informal requests in connection with the ENE.

(ECF No. 13 at 2.)

To the extent Defendant seeks a ruling from the Court regarding the appropriate scope of discovery in this case, the request is premature because the Court has not yet held a Case Management Conference and has not issued a scheduling order. The Court,

however, encourages the parties to meet and confer to determine what documents and information will be helpful to evaluate their settlement positions in preparation for the SC, and to exchange those documents and information before the March 15, 2023 SC.

Accordingly, Defendant's *ex parte* motion is **GRANTED in PART** and **DENIED in PART.**

**IT IS SO ORDERED**.

Dated:  February 17, 2023

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge