UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVALK, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY, et al.,<br><br>                    Defendants. | Case No.:  22cv1789-JO(LR)<br><br>**ORDER SETTING FOLLOW-UP ZOOM SETTLEMENT CONFERENCE** |

On August 16, 2023, the Court conducted a video Mandatory Settlement Conference.  (See ECF No. 25.)  Pursuant to the discussions with the parties, the Court **SETS** a follow-up Settlement Conference ("SC") via **video conference** for **November 8, 2023**, at **9:30 a.m.**

All discussions at the SC will be informal, off the record, privileged, and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.  The following rules and deadlines apply:

**1. Appearance via Videoconference Required**: All named parties (including those who are indemnified by others), party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation,

must participate in the video conference, and be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

**2. Full Settlement Authority Required**: A party or party representative with full settlement authority[1] must be present at the conference. A person who needs to call another person who is not present on the videoconference before agreeing to any settlement does not have full settlement authority. Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement.

**3.** The Court will use its official Zoom video conferencing account to hold the SC.

**4.** Prior to the start of the SC, the Court will e-mail each SC participant an invitation to join a Zoom video conference. If the SC attendees, their email addresses or their contact telephone numbers will differ from the attendees at the November 16, 2022 SC, counsel for each party shall send an email to the Court at efile_rodriguez@casd.uscourts.gov no later than **November 1, 2023**.

**5.** Each participant should plan to join the Zoom video conference **at least ten minutes before** the start of the SC to ensure that the SC begins promptly at **9:30 a.m. The Zoom e-mail invitation may indicate an earlier start time, but the SC will begin at the Court-scheduled time**.

**11. Requests to Continue an SC Conference**: Requests to continue SCs are rarely granted. An SC may be rescheduled only upon a showing of good cause and

---

[1] "Full settlement authority" means that a person is authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or a sum certain authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).

adequate notice to the Court.  **Absent good cause, requests for continuances will not be considered unless submitted <u>in writing</u> no fewer than seven (7) calendar days prior to the scheduled conference**.

      **IT IS SO ORDERED**.

Dated:  August 17, 2023

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge