UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVALK, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY, et al.,<br><br>                              Defendants. | Case No.:  22cv1789-JO(LR)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART PLAINTIFF'S EX PARTE MOTION TO SUBSTITUTE EXPERT WITNESSES AND MODIFY SCHEDULING ORDER [ECF No. 35]**<br><br>**AND**<br><br>**(2) ISSUING AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL POCEEDINGS** |

Pending before the Court is Plaintiff's Novalk LLC's "*Ex Parte* Application to Substitute Expert Witnesses and Modify Scheduling Order Regarding Expert Witness Discovery Deadlines." (ECF No. 35.)  Defendant Evanston Insurance Company filed an Opposition to Plaintiff's motion.  (ECF No. 36.)  For the reasons stated below, the Court **GRANTS in part** Plaintiff's *ex parte* motion.

1

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This action arises from a dispute between Plaintiff and Defendant Evanston Insurance Company regarding insurance payment for damage and repair of Plaintiff's commercial property located at 310 Rockwood Avenue in Calexico, California, after it suffered fire and water damage from the April 3, 2019 fire.  (See ECF No. 1-20 at 2–30.)  In its Second Amended Complaint, the operative pleading in this case, Plaintiff asserts causes of action for breach of contract, breach of the implied covenant of quiet enjoyment, bad faith denial of insurance policy claim and benefits, unfair business practices, and declaratory relief.  (See id.; see also ECF No. 1-35.)

On March 30, 2023, the Court issued a "Scheduling Order Regulating Discovery and Other Pre-trial Proceedings" ("Scheduling Order") setting discovery and pretrial deadlines in this case. (ECF No. 18 at 2–3.)  On July 27, 2023, the Court granted in part the parties' joint motion to modify Scheduling Order and extended the deadline for expert designation until October 6, 2023, rebuttal expert designation until October 20, 2023, Rule 26(a)(2)(A) and (B) disclosures until November 20, 2023, Rule 26(a)(2)(D) and Rule 26(e) supplemental disclosures until December 11, 2023, and expert discovery deadline until January 12, 2024.  (ECF No. 24 at 2.)

On October 6, 2023, Plaintiff designated Bethany Construction, Consulting and Management, Inc. ("BCCM") as its construction and repairs expert witness, and Mr. Stanley L. Lipshultz as its insurance expert witness.  (See ECF No. 35-3, Decl. of Michelangelo Tatone ("Tatone Decl.") at 3; ECF No. 35-3 at 22–24.)  On October 20, 2023, Plaintiff designated BCCM as expert witness to offer rebuttal testimony to Defendant's designated expert Stephen Jirsa, and Mr. Lipshultz as expert witness to offer rebuttal testimony to Defendant's designated expert Kearson Strong.  (See Tatone Decl. at 3; ECF No. 35-3 at 30–32.)  On November 17, 2023, Plaintiff filed the instant *ex parte* motion seeking to: (1) substitute insurance expert witness Mr. Lipshultz, (2) substitute construction and repair expert witness BCCM, and (3) continue all expert discovery deadlines by approximately sixty days.  (ECF No. 35 at 2, 12.)

## II.  LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The good cause standard "primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); see also Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) ("[r]ule 16(b) provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party.").  A court may also consider the "existence or degree of prejudice to the party opposing the modification," but "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609.

After a scheduling order deadline has passed, in addition to establishing good cause, a party moving to extend the expired deadline is required to demonstrate excusable neglect.  Cannon v. Austal USA LLC, Case No.: 15cv2582-CAB (BLM), 2017 WL 1479108, at *3 (S.D. Cal. Apr. 25, 2017) (citing Mireles v. Paragon Sys., Inc., Civil No. 13–CV–122–L (BGS), 2014 WL 575713, at *2 (S.D. Cal. Feb. 11, 2014); Fed. R. Civ. P. 6(b)(1)(B) (providing that "the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.")). When analyzing whether a party's neglect was excusable, district courts consider the following factors: the danger of prejudice to the non-moving party; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the moving party's conduct was in good faith.  See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Cannon, 2017 WL 1479108, at *3; Mireles, 2014 WL 575713, at *2.  "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co., 507 U.S. at 395.

## III.  DISCUSSION

Plaintiff moves to substitute its insurance expert witness Mr. Lipshultz, as well as its construction and repair expert witness BCCM, and to extend all expert discovery deadlines by approximately sixty days.  (See ECF No. 35 at 2, 5.)  Plaintiff argues that it has established good cause and excusable neglect to support its motion.  (See ECF No. 35.)  Plaintiff alleges that it was diligent in "retaining and monitoring expert witnesses to comply with the scheduling order," but "unexpected events justifying the substitution of witnesses are beyond Plaintiff's control."  (Id. at 2.)  Plaintiff further asserts that it will be significantly prejudiced if the requested extension is not granted because it will not be able to obtain "crucial expert opinion" regarding the "two main contested issues" in this case.  (Id.)  Additionally, Plaintiff contends that Defendant will not be prejudiced because Plaintiff's new experts will testify on the same topics, and Defendant has not yet expended any resources on reviewing Plaintiff's expert reports or preparing for any depositions.  (Id.)  Plaintiff also maintains that the requested extension will not affect any pretrial deadlines.  (Id. at 2, 5–6.)

Defendant argues that Plaintiff's motion is untimely and lacks good cause, and asks the Court to deny the motion.  (ECF No. 36 at 1, 5.)  Defendant alleges that after Plaintiff timely designated Mr. Lipshultz and BCCM as expert witnesses on October 6, 2023, the experts had at least forty-five days to prepare their reports by the Court's deadline.  (Id. at 4.)  Defendant further states that Plaintiff's construction expert BCCM does not explain when it began its analysis, the work that has been completed, which work still needs to completed, or the steps BCCM took to comply with the current deadline for expert reports.  (Id. at 4–5.)  Additionally, Defendant asserts that Plaintiff's claims expert, Mr. Lipshultz, neither provides the date of his wife's "serious and imminent surgery," nor describes the work he had performed before he decided to withdraw.  (Id. at 5.)  Finally, Defendant notes that on November 8, 2023, Plaintiff's counsel advised defense counsel that Plaintiff's experts were requesting "a 20–30 day extension on the Rule 26 Expert Disclosures due to the holidays."  (Id.)

  The Court's Scheduling Order set October 6, 2023, as the deadline to designate expert witnesses. (ECF No. 18 at 3.) Plaintiff timely designated Mr. Lipshultz as its insurance expert witness and BCCM as its construction and repair expert witness. (See ECF No. 35-3; Tatone Decl. at 3.) On November 17, 2023, Plaintiff moved to substitute expert witnesses Lipshultz and BCCM. (See ECF No. 35.) Because Plaintiff moved to substitute expert witnesses Lipshultz and BCCM more than a month after the deadline for expert designation, Plaintiff is required to establish good cause and excusable neglect. See Cannon, 2017 WL 1479108, at *3; Mireles, 2014 WL 575713, at *2. Plaintiff alleges in its motion that on November 13, 2023, its counsel learned that Mr. Lipshultz would not be able to serve as an expert due to his wife's "serious and imminent surgery." (ECF No. 35 at 9.) Plaintiff further states that on November 14, 2023, BCCM advised Plaintiff's counsel that "the complexity of the case, coupled with an surge in deadlines and insufficient staff," BCCM required additional time to complete the Rule 26 report, and BCCM's "expert report would therefore not be ready until February 1, 2024." (Id. (citing Tatone Decl. at 2; Gallagher Decl. at 2).)

  In support of its *ex parte* motion, Plaintiff provided a declaration from Mr. Lipshultz. (ECF No. 35-1, Decl. of Stanley L. Lipshultz ("Lipshultz Decl.") at 1–2.) Mr. Lipshultz states that he is Plaintiff's designated expert witness to offer testimony in the following areas: (1) insurance claims handling, investigation, and cooperation by the insured; (2) bad faith; (3) insurance policy coverage and policies; (4) insurance custom and practice; (5) duties of the insured and insurer; (6) insurance standard of care; and (7) any "other subjects or opinions referenced in its report or in subsequent deposition testimony, including reasonable inferenced arising therein." (Id. at 2.) He further states that he is Plaintiff's designated expert witness to offer rebuttal testimony to Defendant's designated expert witness Kearson Strong. (Id.) Mr. Lipshultz also declares that on November 13, 2023, he advised Plaintiff's counsel that Mr. Lipshultz's wife had "serious and imminent surgery" and, therefore, he "would not be able to fulfill [his] expert witness role in the current action." (Id.)

Further, Plaintiff has provided a declaration from Mr. Gallagher, the operations manager of BCCM.  (ECF No. 35-2, Decl. of Michael Gallagher ("Gallagher Decl.") at 1.)  Mr. Gallacher declares that BCCM is Plaintiff's designated expert witness to offer testimony regarding: (1) cost estimate; (2) scope of repair; (3) reconstruction; (4) damage to the property, including but not limited to damage from the fire and any pre-existing or subsequent damage; and (5) any "other subjects or opinions referenced in its report or in subsequent deposition testimony, including reasonable inferenced arising therein," as well as "whether the scope of repair paid out in the 2017 claim was performed/completed by the owner prior to the fire."  (Id. at 2.)  Mr. Gallagher further states that BCCM is Plaintiff's designated expert witness to offer rebuttal testimony to Defendant's designated expert witness Stephen Jirsa.  (Id.)  Additionally, Mr. Gallagher declares that on November 14, 2023, he informed Plaintiff's counsel that BCCM would not be able to complete its expert report by November 20, 2023, because of the "complexity of the case requiring more time than initially anticipated, coupled with deadlines BCCM has committed to before being retained as Plaintiff's expert."  (Id.)

In his supporting declaration, Plaintiff's counsel, Mr. Tatone, states that before retaining expert witnesses, Plaintiff discussed the Court's Scheduling Order to ensure that the prospective experts would be able to comply with the deadlines.  (Tatone Decl. at 4.)  Mr. Tatone further declares that after retaining the experts, he "diligently and repeatedly reached out to the experts to remind them of the deadlines in this action, including the deadline to file the Rule 26 report by email and phone call, including in both October and November 2023."  (Id.)  Mr. Tatone further states that on November 13, 2023, Mr. Lipshultz informed him that due to his wife's "serious and imminent surgery," he would not be able to serve as an expert witness in this case.  (Id.)  Mr. Tatone also declares that on November 14, 2023, BCCM advised him that "the complexity of the case required BCCM more time than initially anticipated to complete the Rule 26 report," and that BCCM would not be able to complete its expert report by the November 20, 2023 deadline.  (Id.)  Additionally, Mr. Tatone declares that when he contacted defense

counsel in early November 2023, to discuss an extension of the Rule 26 expert disclosure deadline, he "was neither told nor did [he] have an understanding that BCCM would be unable to timely prepare its expert report or that Mr. Lipshultz would no longer be able to serve as an expert." (Id.)

Because the Court has already issued a Scheduling Order and the deadline for expert witness designation has passed when Plaintiff filed its *ex parte* motion, Plaintiff is required to demonstrate good cause and excusable neglect to have the deadline amended.

### A. Good Cause

The Court has carefully reviewed all exhibits provided by the parties, and declarations from Mr. Lipshultz, Mr. Gallagher, and Plaintiff's counsel, Mr. Tatone. The documents establish that Plaintiff's counsel learned about Mr. Lipshultz's unavailability to serve as an expert witness more than a month after his timely designation and four days before Plaintiff moved to substitute Mr. Lipshultz. The documents also establish that Mr. Lipshultz's unavailability was caused by his wife's health issues that were unforeseen and outside of Plaintiff's control.

Further, although Plaintiff timely designated its construction and repair expert BCCM, and moved to substitute BCCM three days after Plaintiff's counsel learned that BCCM was not able to complete its expert report by November 20, 2023, the Court is more troubled by the circumstances surrounding Plaintiff's request to substitute BCCM. Nevertheless, in light of Plaintiff's contention in its motion that BCCM will not be able to complete its expert report "until February 1, 2024," (see ECF No. 35 at 9), and representations in Mr. Gallagher's and Mr. Tatone's declarations, the Court finds that BCCM's inability to comply with the November 20, 2023 deadline was outside of Plaintiff's control.

The Court further finds that Plaintiff will be significantly prejudiced without an insurance, and a construction and repair expert witnesses, because the proposed expert opinions concern insurance company's duty of care and the cost of repairs, which are key contested issues in this case. Finally, the Court notes that Plaintiff attempted to obtain a

stipulation from Defendant regarding the proposed expert witness substitution and continuance of expert discovery deadlines.  (See Tatone Decl. at 4; see also ECF No. 36 at 3.)  Accordingly, the Court finds that Plaintiff was reasonably diligent in seeking to amend the Scheduling Order.

### B. Excusable Neglect

The Court has considered the four factors identified by the U.S. Supreme Court to determine whether there was excusable neglect justifying Plaintiff's late request to substitute two expert witnesses, and finds that Plaintiff has established excusable neglect. See Pioneer Inv. Servs. Co., 507 U.S. at 395 (outlining the following factors: prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the moving party's conduct was in good faith).  An order extending the deadline for expert witness designation and related expert discovery will not cause any significant prejudice to Defendant.  Plaintiff filed the instant motion before expert witness reports were due, and Defendant has not yet expended time or financial resources reviewing Plaintiff's expert witness reports or preparing and conducting expert depositions.  Further, Plaintiff's anticipated expert redesignation relates to the same set of facts and issues concerning insurance coverage and the cost of construction and repair at issue in this case.  Additionally, expert discovery is still open, pretrial motions have not been filed, and trial date has not been set.  Although Plaintiff's request will have an impact on the timing of the judicial proceedings, as discussed below, the Court approves a shorter continuance that will not significantly delay the judicial proceedings.  Additionally, Plaintiff's motion was necessitated by events outside of its control.  Finally, after reviewing the declarations included in Plaintiff's *ex parte* motion, the Court cannot find that Plaintiff acted in bad faith.  Because most of the factors weigh in favor of finding excusable neglect, and in the interests of justice, the Court finds that Plaintiff has established excusable neglect.  See id. (emphasis added) (providing that the determination regarding excusable neglect is "an

equitable one, taking account of all relevant circumstances surrounding the party's omission.").

### C. Conclusion

The Court finds that Plaintiff has established good cause and excusable neglect justifying its request to extend the deadline to substitute Plaintiff's two designated expert witnesses, BCCM and Mr. Gallagher, and to continue expert discovery deadlines. The Court, nevertheless, finds that the sixty-day extension of time Plaintiff seeks is excessive. However, under the facts of this case, the Court finds good cause for a shorter continuance and **GRANTS in part** Plaintiff's *ex parte* motion to continue.

Although the Court continues the deadline to designate expert witnesses, this extension is granted for the sole purpose of allowing Plaintiff an opportunity to redesignate its insurance, and construction and repair expert witnesses to offer testimony on the same topics as Mr. Lipshultz and BCCM. (See Lipshultz Decl. at 2; Gallagher Decl. at 2; see also ECF No. 35-3 at 23–24, 31–32.) Plaintiff is further reminded that it is required to proceed with expert discovery in an expeditious manner, and cautioned that the Court is not inclined to entertain any further extensions of scheduling deadlines.

Having consulted with the chambers of Judge Ohta, the Court issues the following "Amended Scheduling Order Regulating Discovery and Other Pre-trial Proceedings":

1. The parties shall designate their respective experts in writing by **December 11, 2023**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **December 11, 2023**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

2. By **January 16, 2024**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This

disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

3. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **January 29, 2024**.

4. All expert discovery shall be completed by all parties by **February 26, 2024**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

5. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6. All other pretrial motions must be filed by **March 8, 2024**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

7. If the trial will be a bench trial, Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **June 12, 2024**. Counsel do not need to file Memoranda of Contentions of Fact and Law if the trial will be a jury trial.

8. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **June 12, 2024**. Failure to comply with these disclosure requirements

could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

9. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **June 20, 2024**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

10. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **June 26, 2024**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

11. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **July 3, 2024**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

12. The final Pretrial Conference is scheduled on the calendar of the **Honorable Jinsook Ohta** on **July 10, 2024**, at **8:30 a.m.**

13. The parties must review the chambers' rules for the assigned magistrate judge.

14. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

15. The dates and times set forth herein will not be modified except for good cause shown.

///

16. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED**.

Dated:  December 6, 2023

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge